# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Founders Insurance Company, ) | Civil Action No. 5:15-cv-00408-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| John Hamilton a/k/a Jim Hamilton, ) | **ORDER AND OPINION** |
| Individually and d/b/a Aces High Club, ) | |
| Aces High Club and Kenneth Weatherford, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Founders Insurance Company ("Plaintiff"), filed this declaratory judgment action against Defendants John Hamilton a/k/a Jim Hamilton, individually and d/b/a Aces High Club ("Hamilton"), and Aces High Club ("AHC") (collectively "Defendants") seeking a declaration by the court that a Liquor Liability Policy issued by Plaintiff and bearing policy number LLSC00270 ("Policy") does not provide coverage to Defendants, create an obligation to defend Defendants or create an obligation to indemnify Defendants with regard to the lawsuit styled *Kenneth Weatherford vs. John Hamilton, Aces High Club, John Calvin Sikes, Fish Tales a/k/a JS Fish Tales* pending in the Court of Common Pleas for Orangeburg County and bearing civil action number 2014-CP-38-00433 ("Underlying Lawsuit"). (ECF No. 1 at 1-2.)

This matter is before the court on Plaintiff's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion") or Motion to Strike pursuant to Fed. R. Civ. P. 12(f) ("Rule 12(f) motion") on the basis that Hamilton's "Insurance Bad Faith/Agent Malpractice" allegations are not proper affirmative defenses to Plaintiff's claims and that Hamilton has failed to state facts sufficient to constitute a cause of action or counterclaim. (ECF No. 20.) For the reasons set forth below, the court **DENIES** Plaintiff's Rule 12(b)(6) motion and Rule 12(f) motion.

## I.  RELEVANT BACKGROUND TO THE PENDING MOTION

The facts as viewed in the light most favorable to Hamilton are as follows.

Defendants are involved in the Underlying Lawsuit that alleges their negligence in serving Oscar Melvin ("Melvin") excessive amounts of alcohol was the cause of an assault perpetrated by Melvin against Kenneth Weatherford ("Weatherford") at a different bar than AHC, which resulted in physical injury to Weatherford. (ECF No. 1 at 4 at ¶¶ 16-17.) Defendants claim they are insured and entitled to coverage under the Policy, and are entitled to have Plaintiff defend and indemnify them in regard to the Underlying Suit. (Id. at 4-5 ¶¶ 19-20.)

Plaintiff issued the Policy to Hamilton with effective dates of June 3, 2011, through June 3, 2012. (Id. at 5.) Plaintiff claims that coverage and any other benefits from the Policy are not available to Defendants in the Underlying Lawsuit under the Policy's clear and unambiguous terms, including Exclusion (k) "Assault and/or Battery." (Id. at 7-8 ¶¶ 29-31.) Exclusion (k) provides that the Policy does not apply to injuries arising from:

> (1) [A]ssault and/or battery committed by any "insured", any "employee" of an "insured", or any other person; (2) The failure to suppress or prevent assault and/or battery by any person in subparagraph k.(1) above; (3) The selling, serving or famishing of alcoholic beverages which results in an assault and/or battery; or (4) The negligent: (a) Employment; (b) Investigation; (c) Supervision; (d) Reporting to the proper authorities, or failure to so repost; or (e) Retention of or by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by subparagraphs k.(1) through k.(3) above.

(Id. at 6 ¶ 24.)

In response to the allegations in the Complaint, Hamilton asserted an affirmative defense of "Insurance Bad Faith/Agent Malpractice" in his Answer to the Complaint on March 30, 2015, claiming that:

> Hamilton specifically sought, to the knowledge of FIC through its agents, representatives, and employees, to obtain the subject policy to insure against the risks that are the subject of the Underlying Lawsuit, the same risks having been

> both assured to be and reasonably relied on by Hamilton to be covered by said policy through FIC's agents, representatives, and/or employees; and that failure of FIC to defend and indemnify Hamilton in the Underlying Lawsuit amounts to both bad faith on the part of FIC and agent malpractice on behalf of FIC's agents, representatives, and/or employees.

(ECF No. 16 at 5 ¶ 20.)

Plaintiff filed both a Rule 12(b)(6) motion and Rule 12(f) motion in opposition to Hamilton's affirmative defense on April 21, 2015. (ECF No. 20.)

## II.    LEGAL STANDARD

A.    <u>Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "a motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992).

B.    <u>Motions to Strike Pursuant to Fed. R. Civ. P. 12(f)</u>

A Rule 12(f) motion allows a court, acting either on its own or on a motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] Fed. R. Civ. P. 12(f). Generally, such motions "are only granted when the challenged

---

[1] "'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." <u>CTH 1 Caregiver v. Owens</u>, C/A No. 8:11-2215-TMC, 2012 WL 2572044, at *5 (D.S.C. July 2, 2012) (citation omitted). "'Scandalous' includes allegations that cast a cruelly derogatory light on a party to other persons." <u>Id.</u> (Citation omitted). "The granting of a motion to strike scandalous matter is aimed, in part, at avoiding prejudice to a party by preventing a jury from seeing the offensive matter or giving the

allegations 'have no possible relation or logical connection to the subject matter of the controversy' or 'cause some form of significant prejudice to one or more of the parties to the action.'" Moore v. Novo Nordisk, Inc., C/A No. 1:10-2182-MBS-JRM, 2011 WL 1085650, at *8 (D.S.C. Feb. 10, 2011) (citations omitted). "A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993); see also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'") (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). Moreover, "where there is any question of fact or any substantial question of law, the court should refrain from acting until some later time when these issues can be more appropriately dealt with." United States v. Fairchild Indus., Inc., 766 F. Supp. 405, 408 (D. Md. 1991).

A Rule 12(f) motion falls within the discretion of the district court. Palmetto Pharm. LLC v. Astrazeneca Pharm. LP, No. 2:11-cv-00807-SB-JDA, 2012 WL 6025756, at *4 (D.S.C. Nov. 6, 2012) (citation omitted); Xerox Corp. v. ImaTek, Inc., 220 F.R.D. 241, 243 (D. Md. 2003). "When reviewing a motion to strike, 'the court must view the pleading under attack in a light most favorable to the pleader.'" Piontek v. Serv. Ctrs. Corp., Civil No. PJM 10-1202, 2010 WL 4449419, at *3 (D. Md. Nov. 5, 2010) (citation omitted).

C.     "Insurance Bad Faith/Agent Malpractice" Affirmative Defense

Under South Carolina law, an insured party can show that an insurer has breached its implied covenant of good faith under contract by pleading and proving the following elements:

---

allegations any other unnecessary notoriety inasmuch as, once filed, pleadings generally are public documents and become generally available." Id. (Citation omitted).

4

> (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

See, e.g., Crossley v. State Farm Mut. Auto. Ins. Co., 415 S.E.2d 393, 396-97 (1992).

"If the insured proves the insurer's conduct was willful or in reckless disregard of his rights under the contract, the insured also may recover punitive damages." Id. at 397. An "insured may recover damages for a bad faith denial of coverage if he or she proves there was no reasonable basis to support the insurer's decision to deny benefits under a mutually binding insurance contract." See, e.g., Cock-N-Bull Steak House, Inc. v. Generali Ins. Co., 466 S.E.2d 727, 730 (1996) (quoting Dowling v. Home Buyers Warranty Corp., 400 S.E.2d 143, 144 (1991)). "If there is a reasonable ground for contesting a claim, there is no bad faith." See, e.g., Crossley, 415 S.E. at 397. (citing Nichols v. State Farm Mutual Automobile Insurance Co., 306 S.E.2d 616 (1983)).[2]

### III.  ANALYSIS

A.  Plaintiff's Motion to Dismiss for Failure to State a Claim

*1. The Parties' Arguments*

In their Rule 12(b)(6) motion, Plaintiff argues that Hamilton has "failed to state facts sufficient to constitute a cause of action or counterclaim against Plaintiff . . .", and as such the allegations should be dismissed. (ECF No. 20.)

Hamilton did not submit an argument in response to this motion.

---

[2] The court fails to find a cause of action for "agent malpractice" separate from "insurance bad faith." Defendants could be implying a separate claim of negligent misrepresentation, but the affirmative defense as pleaded fails to allege the elements of this cause of action. See, e.g., Kelly v. S. Carolina Farm Bureau Mut. Ins. Co., 450 S.E.2d 59, 62 (S.C. Ct. App. 1994).

5

### 2. The Court's Review

A Rule 12(b)(6) motion "does not resolve contests . . . surrounding the applicability of defenses." Republican Party of N.C., 980 F.2d at 952. As a result, the court finds that Plaintiff's allegations of insufficient defenses are instead correctly addressed under Rule 12(f) motions.

B.     Plaintiff's Motion to Strike

### 1. The Parties' Arguments

In their Rule 12(f) motion, Plaintiff argues that paragraph 20 should be struck from Hamilton's Answer to the Complaint because the allegations are "not proper affirmative defenses to Plaintiff's claims and Defendants have failed to state facts sufficient to constitute a cause of action or counterclaim against Plaintiff . . . ." (ECF No. 20.)

Hamilton did not submit an argument in response to this motion.

### 2. The Court's Review

In his Answer to the Complaint, Hamilton alleges that he specifically sought to obtain the Policy to insure against the risks that are implicated in the Underlying Lawsuit, and was assured that these risks were to be covered by said Policy through Plaintiff's agents, representatives, and/or employees. (ECF No. 16 at 5 ¶ 20.) Hamilton further alleges that he reasonably relied on Plaintiff's assurances. (Id.)

The court rejects Plaintiff's position because paragraph 20 does not contain "redundant, immaterial, impertinent, or scandalous matter." In this regard, the court does not find that the allegations in paragraph 20 of the Answer to the Complaint are unworthy of consideration or prejudicial to Plaintiff. See, e.g., Brock v. Bowman, C/A No. 3:10-2821-MGL, 2013 WL 5569995, at *8 (D.S.C. Oct. 9, 2013) ("Here, Plaintiff fails to demonstrate that the defenses sought to be stricken are so unrelated to Plaintiff's claims as to be unworthy of any consideration or prejudicial to Plaintiff if they remain in Defendant's Answer to Plaintiff's Amended

Complaint."). As the allegations in paragraph 20 do present a question of fact in regard to the manner in which the content of the Policy was presented to Hamilton which could lead to a conclusion of misconduct by Plaintiff's agents, the court "should refrain from acting until some later time when there issues can be more appropriately dealt with." Fairchild Indus., Inc., 766 F. Supp. at 408.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff's Rule 12(b)(6) motion and Rule 12(f) motion. (ECF No. 20.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 1, 2015
Columbia, South Carolina