#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ORANGEBURG DIVISION

| | |
|---|---|
| Founders Insurance Company, ) | Civil Action No. 5:15-cv-00408-JMC |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| John Hamilton a/k/a Jim Hamilton, ) | **ORDER AND OPINION** |
| Individually and d/b/a Aces High Club, ) | |
| Aces High Club and Kenneth Weatherford, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Founders Insurance Company ("Plaintiff"), filed this declaratory judgment action against Defendants John Hamilton a/k/a Jim Hamilton, individually and d/b/a Aces High Club ("Hamilton"), and Aces High Club ("AHC") (collectively "Defendants") seeking a declaration by the court that a Liquor Liability Policy issued by Plaintiff and bearing policy number LLSC00270 ("Policy") does not provide coverage to Defendants, create an obligation to defend Defendants or create an obligation to indemnify Defendants with regard to the lawsuit styled <u>Kenneth Weatherford v. John Hamilton, Aces High Club, John Calvin Sikes, Fish Tales a/k/a JS Fish Tales</u>, pending in the Court of Common Pleas for Orangeburg County and bearing Case No. 2014-CP-38-00433 (the "Underlying Lawsuit"). (ECF No. 1 at 1-2.)

This matter is before the court on Plaintiff's Motion to Reconsider pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 55.) Specifically, Plaintiff seeks reconsideration of the Text Order entered on September 20, 2016 (the "September Text Order"), in which the court denied Plaintiff's Motion for Summary Judgment (ECF No. 36) without prejudice. (ECF No. 54.) Defendants oppose Plaintiff's Motion to Reconsider asserting that it should be denied. (ECF Nos. 56 at 1 & 57 at 1.)

For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Reconsider.

## I.     JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) based on Plaintiff's allegations that the action is between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of costs and interest.  (ECF No. 1 at 2 ¶ 5–3 ¶ 11.)

## II.     RELEVANT BACKGROUND TO PENDING MOTION

Defendants are involved in the Underlying Lawsuit that alleges their negligence on or about January 22, 2012, in serving Oscar Melvin ("Melvin") excessive amounts of alcohol was the cause of an assault perpetrated by Melvin against Kenneth Weatherford ("Weatherford") at a different bar than AHC, which resulted in physical injury to Weatherford.  (ECF No. 1 at 4 at ¶¶ 16–17.) Defendants claim they are insured and entitled to coverage under the Policy, and are entitled to have Plaintiff defend and indemnify them in regard to the Underlying Suit.  (Id. at 4 ¶ 19–5 ¶ 20.)

Plaintiff issued the Policy to Hamilton with effective dates of June 3, 2011, through June 3, 2012. (Id. at 5 ¶ 22.)  Plaintiff claims that coverage and any other benefits from the Policy are not available to Defendants in the Underlying Lawsuit under the Policy's clear and unambiguous terms, including Exclusion (k) "Assault and/or Battery." (Id. at 7 ¶ 29–8 ¶ 31.)  Exclusion (k) provides that the Policy does not apply to injuries arising from:

> (1) [A]ssault and/or battery committed by any "insured", any "employee" of an "insured", or any other person; (2) The failure to suppress or prevent assault and/or battery by any person in subparagraph k.(1) above; (3) The selling, serving or famishing of alcoholic beverages which results in an assault and/or battery; or (4) The negligent: (a) Employment; (b) Investigation; (c) Supervision; (d) Reporting to the proper authorities, or failure to so repost; or (e) Retention of or by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by subparagraphs k.(1) through k.(3) above.

(ECF No. 1-1 at 2.)

On January 28, 2015, Plaintiff filed the instant declaratory judgment action in this court. (ECF No. 1.) On October 14, 2015, Plaintiff filed a Motion for Summary Judgment. (ECF No. 36.) Neither Defendants nor Weatherford filed opposition to Plaintiff's Motion for Summary Judgment. However, because the copy of the Policy that was attached to the Complaint did not contain a declarations page, the court asked Plaintiff to file a complete copy of the Policy. On September 19, 2016, Plaintiff filed a copy of the Policy that did not contain the declarations page. (ECF No. 53.) After the court entered the September Text Order, Plaintiff moved for reconsideration on September 28, 2016. (ECF No. 55.)

### III.     LEGAL STANDARD AND ANALYSIS

In the September Text Order, the court made the following observations in denying Plaintiff's Motion for Summary Judgment:

> In its Rule 56 Motion, Plaintiff asserts it is entitled to summary judgment because the Liquor Liability Policy issued by Plaintiff and bearing policy number LLSC00270 (the "Policy") does not provide coverage to Defendants, create an obligation to defend Defendants or create an obligation to indemnify Defendants with regard to an underlying lawsuit. Upon review, the court observes that even though Plaintiff submitted the "coverage part" of the Policy in support of the Rule 56 Motion (see ECF Nos. 1-1 & 53), it did not provide a declarations page specifying the named insured(s), address, policy period, location of premises, and policy limits. Without the Policy's declarations page, the court is unable to either ascertain the applicability of the Policy to Defendants or grant Plaintiff the relief requested in its Rule 56 Motion. Accordingly, the court **DENIES** Plaintiff's Motion for Summary Judgment 36 without prejudice.

(ECF No. 54.) Plaintiff seeks reconsideration of the foregoing pursuant to Rules[1] 59(e) and 60(b).

A.     Applicable Standard under Rule 59(e)

Rule 59 allows a party to seek an alteration or amendment of a previous order of the

---

[1] The court observes that "rule" refers to the Federal Rules of Civil Procedure.

court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp., 599 F.3d 403, 407 (4th Cir. 2010); see also Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." Lyles v. Reynolds, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008)).

B.     Applicable Standard under Rule 60(b)

Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order, or proceeding" due to (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) a satisfied, released, or discharged judgment; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b); see also United States v. Winestock, 340 F.3d 200, 203–4 (4th Cir. 2003). Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313. "A motion for reconsideration under Rule 60(b) is addressed to the sound discretion of the district court and . . . [is] generally granted only upon a

4

showing of exceptional circumstances." Lyles, 2016 WL 1427324, at *1 (citation and internal quotation marks omitted).

C.   The Parties' Arguments

In its Motion to Reconsider, Plaintiff attaches a complete copy of the Policy including the declarations page and argues that "there is no genuine issue as to any material fact relating to the declarations page or applicability of the policy to Defendants." (ECF Nos. 55 at 2 & 55-1.) As a result, Plaintiff requests that the court alter the September Text Order and grant its Motion for Summary Judgment. (ECF No. 55 at 1 & 3.)

Defendants oppose Plaintiff's Motion to Reconsider on the basis that the instant Motion and the Motion for Summary Judgment are meritless because under the Policy Plaintiff "has an obligation to defend and indemnify Defendant Hamilton in the underlying lawsuit." (ECF Nos. 56 at 6 & 57 at 76.) In this regard, Defendants urge the court to deny Plaintiff's Motion to Reconsider because it seeks "a declaration that . . . [Plaintiff] is not obligated to defend or indemnify Hamilton in the underlying lawsuit." (Id. at 10.)

D.   The Court's Review

The court initially observes that Rule 60(b) is inapplicable to Plaintiff's Motion to Reconsider and Rule 59(e) controls the analysis because the September Text Order denying summary judgment was not a final judgment or order. See, e.g., Hensley v. Horne, 297 F.3d 344, 347 (4th Cir. 2002) ("Denials of summary judgment are not final orders and are, thus, not appealable absent leave of court previously obtained in the ordinary case."); Snodgrass v. Chellappan, No. 91-1114, 1991 WL 271486, at *1 (4th Cir. Dec. 24, 1991) ("A final order is one which disposes of all issues in dispute as to all parties. It 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (citing Catlin v. United States, 324 U.S. 229, 233 (1945)).

As to the applicability of Rule 59, Plaintiff does not reference either an intervening change in controlling law or new evidence previously unavailable. Based on its review of Plaintiff's filings (ECF Nos. 55 & 57), the court can only conclude that Plaintiff is seeking reconsideration of the September Text Order on the basis that the court's decision is either clear error of law or results in a manifest injustice to Plaintiff. Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008) (internal quotation marks omitted); see also United States v. Martinez–Melgar, 591 F.3d 733, 738 (4th Cir. 2010) ("[C]lear error occurs when a district court's factual findings are against the clear weight of the evidence considered as a whole.") (internal quotation marks omitted); Miller v. Mercy Hosp., Inc., 720 F.2d 356, 361 n.5 (4th Cir. 1983) (explaining that a district court's factual finding is clearly erroneous if "the finding is against the great preponderance of the evidence") (internal quotation marks omitted). Manifest injustice occurs where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

To be entitled to summary judgment, Plaintiff was required to present evidence showing that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In this matter, Plaintiff's arguments for summary judgment were based entirely on the provisions of the Policy. (See ECF Nos. 36 & 36-1.) Plaintiff argues that reconsideration of the September Text Order is appropriate because it did not need to submit the declarations page to substantiate the Policy in light of Hamilton's Answer to the allegations of the Complaint. (ECF No. 55 at 2 (referencing ECF No. 16).)

Obviously, Hamilton is bound by any admission made in his pleading. <u>Lucas v. Burnley</u>, 879 F.2d 1240, 1242 (4th Cir. 1989) ("The general rule is that 'a party is bound by the admissions of his pleadings.'") (citation omitted). However, in his Answer, Hamilton did not admit Plaintiff's allegation that it had attached all "relevant portion[s] of the Policy." (<u>See</u> ECF Nos. 1 at 2 ¶ 5 & 16 at 2 ¶ 5.) Moreover, in his Answer, Hamilton expressly "crave[d] reference to the Policy." (ECF No. 16 at 4 ¶ 16.) Perceiving the existence of a dispute regarding the evidentiary presentation of the Policy, the court entered the September Text Order denying Plaintiff's Motion for Summary Judgment in light of its failure to provide the declarations page demonstrating the applicability of the Policy to Defendants.[2] Upon consideration of the foregoing, the court concludes that its entry of the September Text Order did not result in the commission of either clear error or manifest injustice. Accordingly, the court denies Plaintiff's Motion to Reconsider.

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** Founders Insurance Company's Motion to Reconsider. (ECF No. 55.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 24, 2017
Columbia, South Carolina

---

[2] In this regard, the court observes that the proper way to present the declarations page would have been by way of a renewed motion for summary judgment.