IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Founders Insurance Company, | Civil Action No.: 5:15-cv-00408-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| John Hamilton a/k/a Jim Hamilton, Individually and d/b/a Aces High Club, Aces High Club and Kenneth Weatherford, | |
| Defendants. | |

Plaintiff Founders Insurance Company ("Plaintiff") filed a Declaratory Judgment action against Defendants John Hamilton a/k/a Jim Hamilton, individually and d/b/a Aces High Club ("Hamilton"), and Aces High Club ("AHC") (together "Defendants")[1] seeking a declaration by the court that a Liquor Liability Policy issued by Plaintiff and bearing policy number LLSC000270 ("Policy") does not provide coverage to Defendants, create an obligation to defend Defendants or create an obligation to indemnify Defendants with regard to the lawsuit styled *Kenneth Weatherford v. John Hamilton, Aces High Club, John Calvin Sikes, Fish Tales a/k/a JB Fish Tales*, pending in the Court of Common Pleas for Orangeburg County (South Carolina) and bearing Case No. 2014-CP-38-00433 (hereinafter the "Underlying Lawsuit") (ECF No. 1-2). (ECF No. 1 at 1-2 ¶¶ 1-4.)

---

[1] Kenneth Weatherford, as Plaintiff in the Underlying Lawsuit, alleges that "Jim Hamilton" is the "owner, manager, operator, agent, employee and/or controlling agent of 'Aces High Club.'" (ECF No. 1-2 at 4 ¶ 2.)

1

This matter is before the court on Defendants' and their Co-Defendant Kenneth Weatherford's ("Weatherford") Motions to Reconsider, Alter, or Amend the court's August 9, 2017 Order granting Plaintiff's Renewed Motion for Summary Judgment (ECF No. 82). (ECF Nos. 84, 85.) Plaintiff opposes their Motions. (ECF No. 86 at 1.) For the reasons set forth below, the court **DENIES** Defendants' and Weatherford's Motions.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Defendants are involved in the Underlying Lawsuit that alleges their negligence in serving Oscar Melvin ("Melvin") excessive amounts of alcohol, on or about January 22, 2012, was the cause of an assault perpetrated by Melvin against Weatherford. (ECF No. 1 at 4 ¶ 16-17.) This alleged assault occurred at a different bar than AHC, and resulted in physical injury to Weatherford. (*Id.* at 4 ¶¶ 15.) Defendants claim they are entitled to coverage under the Policy, and are also entitled to have Plaintiff defend and indemnify them in regard to the Underlying Lawsuit. (*Id.* at 4-5 ¶¶ 19-20.)

Plaintiff issued the Policy to Defendants with effective dates of June 3, 2011, through June 3, 2012. (ECF No. 64-2 at 8.) In the Policy, there is an "Exclusions to Coverage" subsection that contains a paragraph (k) titled "Assault and/or Battery," which provides as follows:

> This insurance does not apply to: . . . "Injury" arising from: (1) assault and/or battery committed by any "insured[,]" any "employee" of an "insured[,]" or any other person; (2) The failure to suppress or prevent assault and/or battery by any person in subparagraph k.(1) above; (3) The selling, serving or furnishing of alcoholic beverages which results in an assault and/or battery; or (4) The negligent: (a) Employment; (b) Investigation; (c) Supervision; (d) Reporting to the proper authorities, or failure to so report; or (e) Retention of or by a person for whom any "insured" is or ever was legally responsible and whose conduct would be excluded by subparagraphs k.(1) through k.(3) above.

(*Id.* at 2-3.)

On April 18, 2014, Weatherford filed the Underlying Lawsuit alleging claims against Defendants, John Calvin Sikes and Fish Tales a/k/a JB Fish Tales for (1) "negligence/dram shop/negligence *per se*/survival/conscious pain and suffering"; and (2) piercing the corporate veil. (ECF No. 1-2 at 9-13 ¶¶ 24-37.) Plaintiff provided Defendants a defense in the Underlying Lawsuit pursuant to a reservation of rights. (ECF No. 64-1 at 3.)

On January 28, 2015, Plaintiff filed a Declaratory Judgment action in this court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. (ECF No. 1 at ¶ 1.)[2] On October 14, 2015, Plaintiff filed a Motion for Summary Judgment. (ECF No. 36.) Neither Defendants nor Weatherford filed opposition to this Motion. However, because the copy of the Policy that was attached to the Complaint did not contain a declarations page, the court ordered Plaintiff to file a complete copy of the Policy. On September 19, 2016, Plaintiff filed another copy of the Policy that also did not contain the declarations page. (ECF No. 53.) As a result, the court entered a Text Order on September 20, 2016 denying Plaintiff's Motion for Summary Judgment without prejudice. (ECF No. 54.) Plaintiff moved for reconsideration of the September 20, 2016 Text Order on September 28, 2016 (ECF No. 55), which was denied on January 24, 2017. (ECF No. 62.)

Plaintiff filed a Renewed Motion for Summary Judgment on February 13, 2017 (ECF No. 64), that was granted on August 9, 2017. (ECF No. 82.) Defendants and Weatherford filed Motions to Reconsider, Alter, or Amend the court's Order on September 1 and September 5, 2017, respectively. (ECF Nos. 84, 85.) Plaintiff responded on September 15, 2017, opposing their Motions. (ECF No. 86.)

---

[2] Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

3

## II. JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) based on Plaintiff's allegations that the action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of costs and interest. (ECF No. 1 at 2-3 ¶¶ 5-11.)

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010) (citation omitted). It is the moving party's burden to establish one of these three grounds in order to obtain relief under this rule. *Loren Data Corp. v. GXS, Inc.*, 501 Fed. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to this rule is within the discretion of the district court. *See Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A Rule 59(e) motion should not be a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, No. CV 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n. 5 (2008)).

## IV. ANALYSIS

Defendants and Weatherford move the court to reconsider, alter or amend its Order granting Plaintiff's Renewed Motion for Summary Judgment (ECF No. 82) on the basis that the court did not address the specific argument of "negligent training" and gave a "blanket ruling" that "[Plaintiff] has no duty to defend or indemnify in the underlying case due to the assault and battery

4

exclusion." (ECF No. 84 at 2 ¶¶ 4-6.) [3] Defendants do not specifically assert the ground under which they seek relief, but the court construes that they rely on a "clear error of law or manifest injustice," thus the Motions are proper. (*See* ECF No. 86 at 5.)

Defendants argue that Plaintiff must defend them in the Underlying Lawsuit based on the language of the Policy which "does not include an exclusion for the negligent training of employees . . . ." (ECF No. 84 at 2 ¶ 4.) Defendants also raised this argument in their Response to Plaintiff's Renewed Motion for Summary Judgment. (ECF No. 66 at 6.)[4] Defendants' Motion does not provide relevant authority as to the reason "negligent training" does not fall within the "assault and battery" exclusion of the Policy. Instead they cite to *Jessco, Inc. v. Builders Mutual Ins. Co.*, 472 F. App'x. 225, 231 (4th Cir. 2012) and the Fourth Circuit's notation that "the duty to defend exists where there is a possibility of a covered claim [.]"

The court finds that the Fourth Circuit's analysis in *St. Paul Reinsurance Co. v. Riviello*, 296 F. App'x 377 (4th Cir. 2008) is more analogous to this case than *Jessco*. *Jessco* concerns a builder's insurance company's duty to defend and indemnify it in a suit brought by homeowners whose house flooded and suffered damage. 472 F. App'x. 226-27. *Riviello* concerns the "assault and battery" exclusion of a bar's Liquor Liability portion of its insurance policy, and whether the insurance company had a duty to defend or indemnify the bar. 296 F. App'x at 379.

In *Riviello,* the Fourth Circuit affirmed this court's reliance on *Sphere Drake Ins. Co. v. Litchfield*, in which the South Carolina Court of Appeals addressed an "assault and battery" exclusion within an insurance policy. 296 F. App'x at 379 (citing *St. Paul Reinsurance Co. v.*

---

[3] The court notes that Weatherford joined in "all arguments and positions presented in [Defendants' Motions for Summary Judgment and Reconsideration]." (ECF Nos. 68 at 1, 85 at 1.)

[4] *Supra* note 3.

*Ollie's Seafood Grille & Bar, LLC,* 242 F.R.D. 348, 351 (D.S.C. 2007)). The Court of Appeals found that "[ ] the separate acts of negligence alleged by [the plaintiff in the underlying case] are not actionable without the assault and battery, because without the assault and battery there would be no damage suffered as a result of the alleged negligence of [the defendant nightclub]. The negligence claims are for bodily injury "arising out of" assault and battery and come within the exclusion." *Sphere Drake Ins. Co. v. Litchfield,* 438 S.E.2d 275, 277 & n.1 (S.C. Ct. App. 1993) ("[Plaintiff's] [C]omplaint alleged, *inter alia,* negligence in failing to protect customers, failing to provide adequate security devices, *failing to properly train* and supervise employees, and negligence in hiring") (emphasis added).

The court's Order also relied on *Sphere Drake* finding that Weatherford's "negligence/dram shop/negligence *per se*/ survival/conscious pain and suffering" cause of action fell within the "assault and battery" exclusion of the Policy because the separate acts arose from the assault and battery, therefore foreclosing Plaintiff's duty to defend and/or indemnify. (ECF No. 82 at 9-10.)

Upon review of the court's August 9, 2017 Order, the court finds that Defendants' argument that "negligent training" is not excluded from coverage under the Policy is without merit. Weatherford's claim of negligent training is not actionable without the assault and battery claim, therefore it "arises from" the assault and battery claim and is excluded under the Policy. The court's Order observed that ". . . claims arising from an assault and battery, whether rooted in the actual assault and battery or couched in terms of negligence, fall within the parameters of an assault and battery exclusion and, therefore, such claims do not trigger an insurer's duty to defend or indemnify." (ECF No. 82 at 9.)

6

## V.  CONCLUSION

For the reasons set forth above, the court finds that it has not made a clear error of law or manifest injustice and therefore **DENIES** Defendants' and Weatherford's Motions to Reconsider, Alter, or Amend its August 9, 2017 Order.  (ECF Nos. 84, 85.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 13, 2017
Columbia, South Carolina